**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OMAR RICHARDSON | : | |
| *Petitioner,* | : | |
| | : | CIVIL ACTION |
| v. | : | NO.: 19-2959 |
| | : | |
| KEVIN KAUFFMAN, *et al.*, | : | |
| *Respondents*. | : | |

<u>**MEMORANDUM**</u>

**August 13, 2021**

## I.      INTRODUCTION

On March 13, 2001, Omar Richardson ("Petitioner") was convicted of first-degree murder, possessing instruments of crime, and criminal conspiracy.  He was twenty (20) at the time he committed these crimes.  Despite his young age, Petitioner was sentenced to life without the possibility of parole.  In 2019, Petitioner filed a Petition for Writ of Habeas Corpus (hereinafter "Habeas Petition"), pursuant to 28 U.S.C. § 2254.  In a Report and Recommendation (hereinafter "R&R"), the Honorable United States Magistrate Judge Henry S. Perkin recommended that the Habeas Petition be denied with prejudice and dismissed without an evidentiary hearing for being time-barred.  Presently before the Court are Petitioner's objections to Judge Perkin's R&R.  Therein, Petitioner states that his Habeas Petition is timely because he is entitled to statutory or equitable tolling of the limitation period.  Alternatively, he asks the Court to consider the merits of an Equal Protection clause violation.  Having reviewed all the filings, the Court agrees with Judge Perkin that Petitioner's Habeas Petition is time-barred.  Accordingly, the Court adopts the R&R in its entirety, and Petitioner's Habeas Petition is denied with prejudice.

## II.     PROCEDURAL HISTORY

Petitioner's underlying Habeas Petition (ECF No. 1) was filed on July 8, 2019.  The

Court referred the Habeas Petition to Magistrate Judge Perkin on July 16, 2019 (ECF No. 3), and

Judge Perkin filed his R&R on November 30, 2020 (ECF No. 13).  On May 10, 2021, Petitioner

filed his Objection to the R&R (hereinafter "Objections").  ECF No. 26.  Respondents filed a

Response to Petitioner's Objections (hereinafter "Response") on May 27, 2021 (ECF No. 29),

and Petitioner filed a Responsive Reply in support of his Habeas Petition (hereinafter "Reply")

on June 25, 2021 (ECF No. 32).  Petitioner's objections are thus ripe for the Court's review.

## III.    STANDARD OF REVIEW

When R&R objections are filed, the district court must conduct a *de novo* review of those

portions of the R&R to which objections are made.  28 U.S.C. §636(b)(1).  If there are no

objections to the R&R, or when reviewing those portions of the R&R to which no objections are

directed, the court, as a matter of good practice, should "satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory

committee notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the

absence of a timely objection . . . this Court will review [the Magistrate's] Report and

Recommendation for 'clear error.'") (internal citations omitted).

Petitioner's objections to the R&R reiterate substantive arguments from his underlying

Habeas Petition.  Nonetheless, the Court proceeds as if Petitioner properly objected to the

outstanding R&R and thus reviews the R&R *de novo*.

## IV.     DISCUSSION

Petitioner objects to the R&R finding that his Habeas Petition is not entitled to statutory

or equitable tolling.  Objections. 1.  He argues that *Montgomery v. Louisiana*, 577 U.S. 190

(2016)[1] made *Alleyne v. United States*, 570 U.S. 99 (2013)[2] retroactive upon collateral review. Habeas Petition 1.  Because of this retroactive application, Petitioner argues that a newly recognized constitutional right was created, restarting the one-year statutory period during which he could file a habeas petition, per 28 U.S.C. § 2244(d)(1)(C).  Objections 2.  Petitioner further contends that under 28 U.S.C. § 2244(d)(2), the restarted limitations period should have been statutorily tolled while his second PCRA petition was pending.  *Id*.  Alternatively, he argues for equitable tolling of the limitations period because he diligently pursued his rights and filed an otherwise timely claim in the wrong forum.  *Id*. at 2-3.

These statutory and equitable tolling arguments were correctly denied in Judge Perkin's R&R.  Under 28 U.S.C. § 2244(d)(1)(A), the starting point for counting the one-year statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner's judgment became final on December 15, 2003.  *Commonwealth v. Richardson*, 833 A.2d 142 (Pa. 2003).  Accordingly, the one-year limit to file a federal Petition for Habeas Corpus expired on December 15, 2004. Petitioner filed his federal Habeas Petition on July 9, 2019, nearly fifteen (15) years after the limitation period expired.  Therefore, to be timely, Petitioner's Habeas Petition would require an alternate start date at which the statutory period began to run, or statutory or equitable tolling would need to apply.

### A.  Alternate Start Date

Despite Petitioner's contentions, an alternate start date based on a newly created constitutional right does not apply.  No newly created constitutional right exists because *Alleyne*

---

[1] In *Montgomery*, the Supreme Court ruled that the constitutional prohibition on mandatory sentences of life without parole for juvenile offenders announced a new substantive rule that must apply retroactively.  577 U.S. at 212.
[2] The Court in *Alleyne* held that, "[f]acts that increase the mandatory minimum sentence…must be submitted to the jury and found beyond a reasonable doubt."  570 U.S. at 108.

was not made retroactive through *Montgomery*.  This Circuit held in *United States v. Reyes*, that "[w]hile *Alleyne* set out a new rule of law, it is not retroactively applicable to cases on collateral review."  755 F.3d 210, 212 (3d Cir. 2014).  Thus, *Alleyne* is not applicable to Petitioner, and the start time for counting the statutory period under 28 U.S.C. 2244(d)(1)(C) is inapplicable.

Assuming *arguendo* that 28 U.S.C. 2244(d)(1)(C) did apply though, the one-year period would have begun on January 25, 2016,[3] the date on which *Montgomery* was decided. Petitioner, who did not file until 2019, still would not have filed a timely petition.

### B.  Statutory Tolling

Statutory tolling under 28 U.S.C. § 2244(d)(2), which allows tolling for the time during which a "properly filed" application is pending, is also inapplicable.  Under *Pace v. DiGuglielmo*, "time limits, no matter their form, are 'filing' conditions."  544 U.S. 408, 417 (2005).  This means that an untimely PCRA is not considered "properly filed."  *Id*.  Petitioner filed his first PCRA petition forty-two (42) days after his judgment became final, tolling the statute with 314 days remaining.  On October 11, 2007, discretionary review was denied, resuming the statutory period, which expired on August 20, 2008.  *Commonwealth v. Richardson*, 934 A.2d 73 (Pa. 2007).  The present Habeas Petition, filed on July 7, 2019, was nearly eleven (11) years after the expiration of the limitation period.

Similarly, Petitioner's second PCRA petition filed on March 25, 2016, was ruled untimely by both the PCRA court and Superior Court.  *Commonwealth v. Richardson*, 1857

---

[3] The R&R states June 17, 2013, the date when *Alleyne* was decided, as the date at which the one-year period would have begun.  R&R 6 n.6.  However, the newly created right was established by *Montgomery*, so the one-year period should be counted from the date of this decision.

EDA 2018, 2019 WL 1977273, at 3 (Pa. Super. 2019).  Therefore, it was not "properly filed" in accordance with the statutory tolling requirement of 28 U.S.C. § 2244(d)(2).

### C.  Equitable Tolling

Petitioner also does not qualify for equitable tolling.  Equitable tolling is permitted "only when the principle of equity would make the rigid application of a limitation period unfair." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).  This principle will apply "when the petitioner has in some extraordinary way been prevented from asserting his or her rights." *Id*.  To qualify for equitable tolling, a petitioner must exercise "reasonable diligence in investigating and bringing [the] claims." *Id*.  This Circuit has also recognized equitable tolling when a petitioner mistakenly asserts his rights in the wrong forum. *Id*.  It is the Petitioner's burden to show entitlement to equitable tolling and due diligence. *Pace*, 544 U.S. at 418.

Here, Petitioner has not met this burden.  Nearly eleven (11) years elapsed from the filing of his first PCRA petition and the present Habeas Petition.  Courts have held that even shorter periods of time failed to meet the due diligence standard. *See Pace*, 544 U.S. at 419 (finding that a petitioner did not demonstrate diligent pursuit of his rights when waiting five (5) months after PCRA proceedings became final before seeking federal relief); *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (holding that a petitioner did not diligently pursue his rights when waiting eight (8) months before filing a habeas petition after denial of his PCRA petition).

Petitioner also argues that he is entitled to equitable tolling because he filed in the wrong forum.  Objections 3.  However, there is no indication that this occurred.  Petitioner filed for relief in state court prior to filing the present Habeas Petition.  As Petitioner, himself, notes, the Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."

*Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also* Objections 2.  By first filing in state court, such a dismissal is inapplicable to Petitioner's present Habeas Petition.  Accordingly, Petitioner is not eligible for equitable tolling based on such an argument.

### D.  Equal Protection

Assuming *arguendo* that Petitioner's Habeas Petition was timely, relief would still not be warranted because he fails to state a viable claim for relief.  Petitioner contends that, as a defendant between the ages of eighteen to twenty-five (18-25) at the time of his offense, he is a "similarly situated defendant" as the juvenile defendants under eighteen (18) who were granted relief under *Montgomery*.  Reply 1; Habeas Petition 47.  He argues that he is "similarly situated" because the research in *Montgomery* concluding that juvenile offenders were transiently immature, also applies to youths above the age of eighteen (18).  Reply 1-2.  While Petitioner's argument may be compelling, it is unsupported by law.  *Miller v. Alabama*, which was made retroactive by *Montgomery*, held that life in prison without the possibility of parole for juvenile offenders violates the Eighth Amendment.  567 U.S. 460, 479.  The Supreme Court has not extended such holding to youth offenders.  Because Petitioner was a youth offender, he fails to state a viable claim for relief under *Miller*.  Accordingly, his Habeas Petition, even if it was timely, could not be granted.

### V.      CONCLUSION

Petitioner has not timely filed the present Habeas Petition.  Accordingly, his Habeas Petition is denied, and the Report and Recommendation is adopted in full.